UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSH HOLLIDAY | * | CIVIL ACTION |
| VERSUS | * | NO. 25-264 |
| ROGER GOODELL, ET AL. | * | SECTION "A" (2) |

## ORDER AND REASONS

Plaintiff Josh Holliday filed a Complaint and Motion for Leave to Proceed *in forma pauperis* on February 20, 2025. ECF Nos. 3, 4. Plaintiff's filings suggest he asserts claims for violations of RICO, fraud and sports bribery in violation of 18 U.S.C. § 224. ECF Nos. 3, 3-1, 3-2. Plaintiff contends that Defendants have defrauded ticket purchasers and viewers by conspiring with referees to "rig" games and make biased play calls at various games, including the January 26, 2025, game in Kansas City, Missouri. ECF No. 3 ¶ III, at 4-6. Plaintiff contends he has suffered Post-Traumatic Shock Syndrome from watching the January 26, 2025, game, asserting that Defendants constitute a RICO enterprise with the alleged favored calls identified as the "overt acts." *Id.* ¶¶ IV, V at 7. Although not styled as a class action, Plaintiff's caption indicates that he filed suit on his own behalf and on behalf of millions of other citizens. ECF No. 3 at 1, 5-6.

**I.    APPLICABLE LAW**

**A.    *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2]

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[5]

Plaintiff's application is submitted on the AO 240 Form and indicates that he is retired, receives $900 as monthly income in social security and/or disability payments, has no significant assets, has monthly expenses totaling about $650, and has less than $100 in cash or checking or savings accounts. ECF No. 4 at 1-2. Based on Plaintiff's affidavit, he has established that he is financially unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

## B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[6] Section 1915(e)(2)(B) grant the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[7] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).
[4] Courts consider social security payments in making the in-forma-pauperis determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[7] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."[8]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[9]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[10]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11]  A court may not dismiss a claim simply because the facts are "unlikely."[12]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[13]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[14]

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[15]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an

---

[8] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[9] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[10] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[12] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[13] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[14] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

"unadorned, the-defendant-unlawfully-harmed-me accusation."[16] Moreover, when a plaintiff alleges fraud, Rule 9 requires that the fraud claim be pleaded with particularity. "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"[17]

Even the complaints of *pro se* litigants must satisfy Rules 8 and 9 to convince the court that plaintiff has a colorable claim.[18]

### D. Class Allegations

Amidst the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class."[19] Adequacy of class representation "encompasses class representatives, their counsel, and the relationship between the two."[20] As sufficient class counsel is required to adequately represent a class, a *pro se* plaintiff is inadequate to represent others in a class action.[21]

A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a *pro se* litigant.[22] As the Tenth Circuit has explained:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).
[17] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted)).
[18] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[19] FED. R. CIV. P. 23(a)(4).
[20] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002).
[21] *See, e.g.*, *Lindsey v. Aycox*, No. 14-260, 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 2015) (citing cases) ("[P]ro se litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives.").
[22] *See* 7A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1769.1, at 450 & n.12 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law).

claims of others. This is so because the competence of a layman is "clearly too limited to allow him to risk the rights of others."[23]

A *pro se* plaintiff's tenacity and zeal "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."[24]  Therefore, Plaintiff should not be allowed to pursue this matter as a class action.

## II.    ANALYSIS

Plaintiff's *in forma pauperis* application (ECF No. 4) includes sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.  Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a) as to his individual claim(s).  However, given Plaintiff's status as a *pro se* litigant acting without counsel, he is not an adequate class representative to pursue his claims on behalf of others.  And although the Court has permitted the Plaintiff to proceed *in forma pauperis*, the court must determine whether Plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute.  Thus, summons will not be issued pending completion of this Court's statutorily-mandated review.

Initially, Plaintiff does not allege any facts to suggest that venue on his claim is proper in this Court.  Plaintiff alleges that he is a Florida citizen and claims that Defendants "rigged" a game played in Kansas City, Missouri.  The general rule is that venue must be established for each separate cause of action alleged in the complaint.[25]

---

[23] *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations omitted); *accord. Powers v. Clay*, No. 11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. July 17, 2009) (Engelhardt, J.), *aff'd*, 368 F. App'x 500 (5th Cir. 2010); *Sosa v. Strain*, No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007).
[24] *Davis v. Jindal*, No. 14-555, 2014 WL 1612495, at *1 (E.D. La. Apr. 22, 2014) (quoting *MacKenzie v. Loc. 624, Int'l Union of Operating Eng'rs*, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); and citing *Luna*, 2009 WL 2175773, at *1 n.1; *Sosa*, 2007 WL 1521441, at *7).
[25] *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013) (Africk, J.) (citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp. 2d 514, 523 (S.D. Tex. 2001) ("[I]t is well established that in a case involving

Moreover, while Plaintiff accuses Defendants of criminal misconduct, criminal charges cannot be brought by private individuals. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[26] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[27] Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[28] The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[29]

Although Plaintiff cites 18 U.S.C. § 224, he cannot state a civil claim for violation of that criminal statute. Although the Racketeer Influenced and Corrupt Organization Act ("RICO") recognizes a civil RICO claim,[30] and Plaintiff cites to RICO, he fails to identify which of the four substantive violations he asserts. *See* 18 U.S.C. § 1962(a)-(d). The elements required to state a claim vary according to the particular RICO claim asserted.[31] Regardless of which of the four RICO sections Plaintiff relies upon, three threshold elements must be met.[32] The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[33] A pattern of racketeering activity

---

multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant.")).
[26] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[27] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).
[28] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[29] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).
[30] 18 U.S.C. § 1964(c).
[31] *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).
[32] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).
[33] *Id.*; see also *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).

consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[34]

A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[35] and "plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump[ ] together the defendants.'"[36] While Plaintiff's Complaint includes conclusory allegations of fraud, conspiracy, and bribery, he fails to set forth any allegations that state violations of any of the particularized federal fraud, theft, or property crimes,[37] constituting "racketeering activity" as defined in the RICO statute by any particular defendant.[38] Further, he does not allege any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity, nor does he explain how these acts constitute "racketeering" activity or are related to a continued threat of criminal activity. Plaintiff's broad use of the term "RICO" is insufficient to state a claim, subjecting his Complaint to dismiss under 28 U.S.C. § 1915. Likewise, the Complaint fails to allege fraud with the particularity required by Rule 9(b). A pleading satisfies "particularity" when it alleges the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[39]

### III.  CONCLUSION

Plaintiff has established his inability to pay fees under 28 U.S.C. § 1915(a)(1). However, Plaintiff, as a *pro se* plaintiff, is not an adequate class representative, subjecting the class action allegations to summary dismissal under § 1915(e)(2). Further, the Complaint appears to be subject

---

[34] *St. Germain*, 556 F.3d at 263.
[35] *Crosswell*, 120 F.4th at 184 (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).
[36] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).
[37] *See, e.g.*, 18 U.S.C. §§ 659, 1341, 1344, 1351, 1957.
[38] 18 U.S.C. § 1961(1).
[39] *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted).

to summary dismissal under § 1915(e) due to Plaintiff's failure to allege facts necessary to support the elements of his claims, including the particularity required to plead a fraud claim under Rule 9(b). Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **WEDNESDAY, April 9, 2025**, Plaintiff Josh Holliday **SHOW CAUSE** why his Complaint should not be summarily dismissed;

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** setting forth the specific facts upon which she relies to establish a basis for his claims against each Defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN A RECOMMENDATION FOR DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on **WEDNESDAY, April 9, 2025**, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this __6th__ day of March, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE