UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSH HOLLIDAY | * | CIVIL ACTION |
| VERSUS | * | NO. 25-264 |
| ROGER GOODELL, ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Plaintiff Josh Holliday filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on February 20, 2025. ECF Nos. 3, 4. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 5. On March 6, 2025, I issued an Order requiring Plaintiff to file a written response setting forth the specific facts upon which he bases his claims, with a deadline of Wednesday, April 9, 2025, in accordance with 28 U.S.C. § 1915(e)(2). The Order further advised Plaintiff that his failure to respond in writing as directed may result in dismissal of his complaint. The record does not reflect any filing by Plaintiff in response to my March 6, 2025, Order.

**I.     PLAINTIFF'S CLAIMS**

Plaintiff appears to assert claims for violations of RICO, fraud, and sports bribery in violation of 18 U.S.C. § 224. ECF Nos. 3, 3-1, 3-2. Plaintiff contends that Defendants have defrauded ticket purchasers and viewers by conspiring with referees to "rig" games and make biased play calls at various football games, including the January 26, 2025, NFL game in Kansas City, Missouri. ECF No. 3 ¶ III, at 4-6. Plaintiff contends he has suffered Post-Traumatic Shock Syndrome from watching the January 26, 2025, game, asserting that Defendants constitute a RICO enterprise with the alleged favored calls identified as the "overt acts." *Id.* ¶¶ IV, V at 7. Although

not styled as a class action, Plaintiff's caption indicates that he seeks to file suit on his own behalf and on behalf of millions of other citizens.  ECF No. 3 at 1, 5-6.

The Court's March 6, 2025 Order explicitly instructed Plaintiff to submit a response containing specific facts upon which he relies to establish Civil RICO and fraud claims, as necessary to determine whether the complaint satisfies the requirements of federal law, as required by the *in forma pauperis* statute.  The Order also placed Plaintiff on notice that his failure to comply with the order may result in the dismissal of his complaint.

## II.   APPLICABLE LAW

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1]  Section 1915(e)(2)(B) grant the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[10] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Moreover, when a plaintiff alleges fraud, Rule 9 requires that the fraud claim be pleaded with particularity. "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false

---

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"[12]

Even the complaints of *pro se* litigants must satisfy Rules 8 and 9 to convince the court that plaintiff has a colorable claim.[13]

### C. Class Allegations

Amidst the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class."[14] Adequacy of class representation "encompasses class representatives, their counsel, and the relationship between the two."[15] As sufficient class counsel is required to adequately represent a class, a *pro se* plaintiff is inadequate to represent others in a class action.[16]

A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a *pro se* litigant.[17] As the Tenth Circuit has explained:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is "clearly too limited to allow him to risk the rights of others."[18]

---

[12] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted)).
[13] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[14] Fed. R. Civ. P. 23(a)(4).
[15] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002).
[16] *See, e.g.*, *Lindsey v. Aycox*, No. 14-260, 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 2015) (citing cases) ("[P]ro se litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives.").
[17] *See* 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1769.1, at 450 & n.12 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law).
[18] *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations omitted); *accord. Powers v. Clay*, No. 11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. July 17, 2009) (Engelhardt, J.), *aff'd*, 368 F. App'x 500 (5th Cir. 2010); *Sosa v. Strain*, No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007).

A *pro se* plaintiff's tenacity and zeal "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."[19]

### III.   ANALYSIS

As a *pro se* litigant, Plaintiff would generally be considered inadequate to represents others in this purported class action, and he has failed to show otherwise.  Further, Plaintiff's claim under 18 U.S.C. § 224 is frivolous because he cannot state a civil claim for violation of that criminal statute.  Likewise, Plaintiff fails to allege fraud with the particularity, as required by Rule 9(b). "Particularity" requires the complaint to alleges the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[20]

The requirements to state a civil RICO claim vary according to the particular provision under which the RICO claim is asserted.[21]  Regardless of which of the four RICO sections Plaintiff relies upon, three threshold elements must be met.[22]  The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[23]  A pattern of racketeering activity consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[24]  A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[25] and "plaintiff must plead the specified facts as to each defendant.

---

[19] *Davis v. Jindal*, No. 14-555, 2014 WL 1612495, at *1 (E.D. La. Apr. 22, 2014) (quoting *MacKenzie v. Loc. 624, Int'l Union of Operating Eng'rs*, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); and citing *Luna*, 2009 WL 2175773, at *1 n.1; *Sosa*, 2007 WL 1521441, at *7).
[20] *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted).
[21] *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).
[22] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).
[23] *Id.*; see also *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).
[24] *St. Germain*, 556 F.3d at 263.
[25] *Crosswell*, 120 F.4th at 184 (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).

It cannot . . . 'lump[ ] together the defendants.'"[26]  While Plaintiff's Complaint includes conclusory allegations of fraud, conspiracy, and bribery, he fails to set forth any factual allegations that state violations of any of the particularized fraud, theft, or property crimes,[27] constituting "racketeering activity" as defined in the RICO statute by any particular defendant.[28]  Further, he does not allege any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity, nor does he explain how these acts constitute "racketeering" activity or are related to a continued threat of criminal activity.  Plaintiff's broad use of the term "RICO" is insufficient to state a claim, subjecting his Complaint to dismiss under 28 U.S.C. § 1915.

In a final effort to provide Plaintiff an opportunity to show cause why his complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to this Report and Recommendation within fourteen (14) days from the date of service of same.  It is suggested to Plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of his case.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[26] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).
[27] *See, e.g.*, 18 U.S.C. §§ 659, 1341, 1344, 1351, 1957.
[28] 18 U.S.C. § 1961(1).

proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[29]

## IV. CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and otherwise for failure to state a claim for which relief can be granted. Despite being advised that his failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting his cause(s) of action.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  21st  day of April, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.